Donaho v Short 






                            AFFIRMED
MARCH 15, 1990

NO. 10-89-035-CV
Trial Court
# 85-3133-1
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

RALPH W. DONAHO,
   Appellant
v.

FRANK SHORT, ET AL,
   Appellees

* * * * * * * * * * * * *

                From 19th Judicial District Court
                      McLennan County, Texas

* * * * * * * * * * * *
Appellant Ralph W. Donaho is a promoter and outfitter for
hunts for "trophy" white-tail deer on a large ranch in Mexico. 
Appellees Frank Short, Mike Short and Pat Short contracted with
Donaho for a hunt on the ranch for a specified week in January
1985. The Shorts arranged for six hunters, each taking a guest. 
When the six arrived at the ranch they learned that three other
hunters were present. A dispute arose between the Shorts and
Donaho as to whether the Shorts had contracted for the exclusive
use of the ranch for hunting by their group of six during that
week. Donaho did not arrive at the ranch until the third day, but
he and the Shorts had been in contact by radio until then through
a third party. On the day of his arrival there was a heated
discussion between him and the Shorts' group, with Frank Short
doing most of the talking. The dispute was not resolved, and the
Shorts and their group left the ranch in the middle of the week
without completing the hunt. 
Appellees filed this suit against Donaho and his company
Operation Wildlife, Incorporated, under the Texas Deceptive Trade
Practices--Consumer Protection Act (DTPA), V.T.C.A., Bus. & C.
§17.46 et seq, and under common law theories of breach of contract
and fraud. Donaho and Wildlife answered and filed a counterclaim
against appellees for slander and actual damages, and for
attorney's fees under DTPA section 17.50(c) on the ground that
appellees' suit was groundless and brought in bad faith. 
The case was tried to a jury. The jury failed to find for
appellees on any of the essential issues of their actions. The
jury also failed to find (Special Issue No. 17) that Operation
Wildlife, Incorporated, was Donaho's alter-ego. Surrounding
appellants' slander action, the jury found (Special Issue No. 19)
that each appellee "made false statements, to the effect that Ralph
Donaho was dishonest or unethical in the practice of his
employment, to other clients or prospective clients of Operation
Wildlife, Incorporated"; failed to find (Special Issue No. 20) as
to each appellee "that such statements were made with the knowledge
that they were false or with reckless disregard for the truth";
found (Special Issue No. 23) the amounts of damages to be paid by
each appellee (a) to Donaho for injury to his reputation and for
embarrassment, humiliation and mental anguish and (b) for loss of
earnings by Operation Wildlife; found (Special Issue No. 24) that
the suit brought against Donaho and Operation Wildlife "was brought
in bad faith and for the purpose of harassment"; and, based upon
the finding in Special Issue No. 24, the jury found (Special Issue
No. 25) attorney's fees that should be awarded to Donaho and
Operation Wildlife for defending appellees' DTPA action. 
Thereafter, on appellees' motion, the trial court disregarded the
jury's answers to Special Issues Nos. 17, 19, 23, 24 and 25. On
appellees' motion, the court also expressly found that appellees'
suit was not groundless. Judgment was rendered that appellees take
nothing and that appellants take nothing by their actions. This
appeal resulted. We affirm the judgment.
After the briefs in this appeal were filed, our Supreme Court
rendered its decision in Donwerth v. Preston II Chrysler-Dodge, 775
S.W.2d 634 (Tex.1989). Appellants conceded during oral argument
that the Supreme Court's ruling in Donwerth concluded appellants'
action for attorney's fees under the DTPA against them. The
question remaining for our review is whether the trial court
properly disregarded the jury's findings for appellees on their
slander actions. Appellants rely upon the following testimony as
some probative evidence supporting their slander actions:
(1) Donaho testified that appellee Frank Short called
him "a liar, a cheat and a crook . . . [a] sorry, no good
MF, son-of-a-bitch," in the presence of the other
appellees and their three guests at the time of the
dispute at the ranch.
 
(2) Julie Donaho, the wife of appellant Ralph Donaho,
and Gary Bickel testified that appellee Mike Short pulled
Dr. Bill Watson, a prospective client of Donaho/Wildlife,
away from Julie Donaho while she was talking to him about
wildlife at the Dallas Safari Club in 1985 and that
following such action Dr. Watson "never came back." 
 
(3) Bennie Bowers testified that Pat Short "left the
impression" that the Shorts and their party had been
treated unfairly by Donaho and that, as a result, Bowers
did not book several hunters with Wildlife as he had
planned.
 
(4) Wyatt Dawson, a booking agent for hunters and past
president of the Dallas Safari Club, testified that Pat
Short told Dawson that Short had "had a serious dispute
with Ralph Donaho, and that he thought [Donaho] was wrong
and they were probably going to take it to court."

Appellants also assert that Gary Bickel testified that Michael
Short made statements to Don Price, Littie Price and Steve Reichard
that "Ralph [Donaho] ran a sorry operation," but the record
reflects that Bickel's attempts to show statements made by or to
the Prices and Reichard were excluded on objections that the
testimony was hearsay.
A communication made in good faith on any subject matter in
which the author has an interest, or with reference to which he has
a duty to perform to another person having a corresponding interest
or duty, is qualifiedly or conditionally privileged. Goree v.
Carnes, 625 S.W.2d 380, 384 (Tex.App.--San Antonio 1981, no writ);
50 Tex.Jur.3d 107, Libel and Slander §54. Appellees pleaded this
defense of conditional privilege. The trial court determined that
the statements made by appellees about which complaint is raised by
appellants were qualifiedly privileged. We agree. The evidence
was undisputed that appellees, a father and two sons, have been
avid hunters over a long period of time, hunting in many areas of
the world. Their three guests who heard Frank Short's remarks made
to Donaho at the ranch are also hunters and close friends of
appellees. Dr. Bill Watson is a long-time good friend of appellee
Mike Short and often sought Mike Short's advice on hunting matters. 
Bennie Bowers said that he obtained the name of appellee Pat Short
from a list of references furnished to him by Donaho, and that he
called Pat Short for advice about hunting with Donaho on the ranch
in Mexico. Wyatt Dawson's business and purpose was to get comments
that hunters had about hunting locations and services in order to
publish the information for other interested hunters. These are
classic examples of privileged communications. Moreover, the
record is silent as to what remarks Mike Short might have made to
Dr. Bill Watson, and they show only that Bennie Bowers was "left
with an impression" from Pat Short that he had been treated
unfairly, and Wyatt Dawson said that Pat Short "felt" that he had
been wronged and that they might sue Donaho. These statements do
not show that slanderous words were spoken. Additionally, where an
action is based on a conditionally or qualifiedly privileged
communication or statement, the plaintiff, to be entitled to
recovery, must show that it was actuated, inspired or colored by
actual or express malice, existing as a fact at the time of the
publication, or by some evil motive or bad faith. In our case, the
jury failed to find that the allegedly slanderous statements made
by appellees "were made with the knowledge that they were false or
with reckless disregard for the truth." The issue of malice, 
conditioned upon an affirmative answer to this question, was not
answered and there was no finding of malice. 
The distinction between libel and slander, that is, between
written and oral imputations, is recognized in Arant v. Jaffe, 436
S.W.2d 169, 176 (Tex.Civ.App.--Dallas 1968, no writ), as follows:
 In general, oral words, however opprobrious, are not
actionable without proof of special damage, unless they
impute to another the commission of a crime or affect a
person injuriously in his office, profession or
occupation. Written or printed words charging
dishonesty, fraud, rascality, or general depravity are
general libelous per se, but not so when spoken orally. 

Albeit that Frank Short's remarks to Donaho at the ranch might have
been, in Donaho's words, "the worst cussing that [he] had ever
received in [his] life," there is no showing in the record of any
special damages suffered by him in his office, profession or
occupation as a result, and there is no imputation in the
statements of the commission of any crime by Donaho.
The record does not show slanderous words spoken by appellees. 
Even if there had been, all conversations were with and between
people having joint interests in the remarks. The trial court was
correct. 
Appellants' points and contentions are overruled. Appellees'
conditional crosspoints are not reached.
The judgment is affirmed.
 
                          
                                       VIC HALL
DO NOT PUBLISHJustice